[No. 4865.    Decided December 11, 1903.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANK STENTZ, *Appellant.*[1]

HOMICIDE—FLIGHT—EFFECT OF—INSTRUCTIONS—ASSUMPTION OF FACT. In a prosecution for a homicide an instruction as to the effect of the flight of a person immediately after the commission of the offense, "if you find from the evidence that the defendant fled," etc., does not assume the fact that the defendant fled.

SAME—WEIGHT TO BE GIVEN TO FACT OF FLIGHT. Such an instruction properly leaves to the jury the weight to be given to the circumstance of flight.

SAME—SUFFICIENCY OF EVIDENCE AS TO FLIGHT. There is sufficient evidence to warrant an instruction as to the circumstance of defendant's flight where, after running down and killing a bicyclist in a public road in the day time, defendant changed his course into an obscure road without stopping to render assistance, sought to avoid meeting any one, and separated from his companions, and avoided the town into which he was going and was making his way away from home at the time of his arrest.

HOMICIDE—EVIDENCE OF GOOD CHARACTER—INSTRUCTIONS. Instructions that evidence of good character for peace and quiet-

[1]Reported in 74 Pac. 588.

ness is material to a defense where the accused is on trial for a
homicide, are properly refused when they further clearly intimate
that the jury might acquit on such evidence even though they
find from the evidence that he was guilty; also when they are
argumentative, and attempt to give the reasons for the law.

SAME. It is sufficient to instruct that evidence of good char-
acter should be considered as tending to establish a defense, but
that it could not avail if all the evidence satisfied the jury be-
yond a reasonable doubt as to his guilt.

INVOLUNTARY HOMICIDE—ACCIDENTAL KILLING IN ATTEMPTING
TO AVOID COLLISION—UNLAWFUL ACT OF RECKLESS DRIVING IN
STREET—INSTRUCTIONS. In a prosecution for involuntary homicide
where the evidence tended to show that defendant ran down and
killed a bicyclist while wantonly and recklessly driving upon the
public streets in such a manner as to endanger the lives of others,
a requested instruction as to the effect of an accidental killing
while attempting to avoid a collision is properly qualified by
adding that it would be immaterial if the death resulted from
such unlawful act of the defendant, since it would be no excuse
that defendant tried to avoid the accident after it was too late.

Appeal from a judgment of the superior court for Spo-
kane county, Richardson, J., entered March 16, 1903, upon
a trial and conviction of the crime of involuntary homicide.
Affirmed.

*Sullivan, Nuzum & Nuzum,* for appellant. Upon the
point that it was error to refuse the requested instruction
as to the defendant's good character, counsel cited: *Fields
v. State,* 47 Ala. 603, 11 Am. Rep. 771; *Eddington v.
United States,* 164 U. S. 361, 41 L. Ed. 467; *Daniels v.
State,* 2 (Pen.) Del. 586, 48 Atl. 196; *State v. Van Kuran,*
25 Utah 8, 69 Pac. 60; *Commonwealth v. Leonard,* 140
Mass. 473, 4 N. E. 96; *Hanney v. Commonwealth,* 116
Pa. St. 322, 9 Atl. 339; *State v. Lindley,* 51 Iowa 343, 1
N. W. 484, 33 Am. Rep. 139; *State v. Northrup,* 48 Iowa
583, 30 Am. Rep. 408; *Rowe v. United States,* 97 Fed.
779; *People v. Jassino,* 100 Mich. 536, 59 N. W. 230.

*Horace Kimball* and *Miles Poindexter,* for respondent. It was not error to refuse the instruction requested as to defendant's good character. *Springfield v. State,* 96 Ala. 81, 11 South. 250, 38 Am. St. 85; *Pate v. State,* 94 Ala. 14, 10 South. 665; *Johnson v. State,* 94 Ala. 35, 10 South. 667; *Williams v. State,* 52 Ala. 412; *State v. Vance,* 29 Wash. 435, 70 Pac. 34.

MOUNT, J.—This is a second appeal in this case. When the case was here before (30 Wash. 142, 70 Pac. 241), it was reversed and remanded to the lower court for a new trial. It has since been retried, and a verdict of guilty as charged again returned. The only errors alleged are upon the instructions of the trial court given at the last trial. Upon the question of flight the court instructed the jury as follows:

"(4.) The flight of a person immediately after the commission of a crime, if you find from the evidence that the defendant fled, or after a crime has been committed with which he is charged, is a circumstance in establishing his guilt not sufficient in itself to establish guilt, but a circumstance which the jury may consider in determining the probabilities for or against him—the probabilities of his guilt or innocence. The weight to which that circumstance is entitled is a matter for the jury to determine, in connection with all the facts called out in the case."

It is claimed, (1) that this instruction assumes the fact that defendant fled; (2) that the court did not instruct the jury as to the weight to be given to the fact of flight; (3) that there is no evidence in the case to justify the instruction. None of these contentions can be sustained. The effect of the instruction is to tell the jury that, if they found as a matter of fact that the defendant fled after the commission of the crime with which he was charged, then such flight was a circumstance not in itself sufficient to

establish guilt, but which the jury may consider in determining that question; the weight of which circumstance is for the jury to determine, in connection with all the facts. There is no assumption here that the defendant fled, but the jury are told that, if they found that he did flee, then they should weigh this fact as a circumstance in the case. Upon the weight they should give this circumstance the court properly instructed the jury.

The evidence also clearly justifies an instruction upon the question. It shows conclusively that, after the defendant had run down an unoffending bicyclist upon a broad public highway in full daylight, and killed him, defendant, instead of keeping the main public road, turned off into an obscure road and sought to avoid meeting or being recognized by other persons, and sought to avoid the town into which he was going, and also changed his course from toward his home, and was making toward the city of Spokane when he was arrested. His companions also separated from him and left him; none of them stopped or went back to render assistance to the man whom they had killed, and who they must have known was seriously, if not fatally, injured. Appellant requested the court to give the following instructions:

"(7.) I instruct you as a matter of law, should you find from the evidence in this case that prior to the accident mentioned in the information, this defendant bore in the neighborhood in which he lived, a good reputation for peace and quietnesss, and as a law-abiding citizen, that such fact, if you find that such fact is proven by the evidence in this case, may of itself be sufficient to generate in your minds a reasonable doubt upon which you may acquit the defendant.

"(8.) If you find from the evidence in the case that the defendant has proved a good character as a man of peace and quietness and as a law-abiding citizen, the law

says that such good character may be sufficient to create a reasonable doubt of guilt, although no such doubt would have existed but for such good character.

"(10.) You are further instructed that good character is an important fact with every man, and never more so than when he is put on trial charged with an offense which is rendered improbable in the last degree by a uniform course of life wholly inconsistent with any such crime. There are cases (and it is for you to say what weight it shall have in this case) where it becomes the man's sole dependence, and yet may prove sufficient to outweigh evidence of the most positive character. The most clear and satisfactory cases are sometimes rebutted by it, and a life of unblemished integrity becomes a complete shield of protection against what may otherwise appear to be proof of guilt. Good character will not only raise a doubt of guilt which may not otherwise exist, but it may bring conviction of innocence. In every criminal trial it is a fact which the defendant is at liberty to put in evidence, and being in, the jury have a right to give it such weight as they think it entitled to."

These requested instructions were refused by the trial court. In so far as these instructions state that evidence of good character for peace and quietness is material to a defense where the accused is on trial for crime, they are no doubt correct. The first two of these instructions, however, intimate very clearly that, if the jury find the defendant had previously borne a good reputation for peace and quietness and as a law abiding citizen, they may acquit him, even though they find from the evidence that he was guilty. Such is not the rule. Good men may be convicted when they are guilty. The last instruction is argumentative. It not only states the correct rule, but it states the reasons for it which are not necessary to be given to the jury. Courts in this state must declare the law. They

need not give the reasons for it, or argue the law to the jury. The trial judge instructed the jury upon this question as follows:

"Upon the question of the good character of the defendant for being a peaceable and law-abiding citizen, the court instructs the jury that this evidence should be considered by the jury as tending to establish a defense. If, however, the jury should be satisfied of the guilt of the defendant beyond a reasonable doubt, after a full consideration of all the evidence in the case, including the evidence in regard to the character of the defendant for being a peaceable and law-abiding citizen, then, though the jury might believe the defendant had a good character for being a peaceable, law-abiding citizen before the charge for which he is now being tried, such evidence of good character would not avail the defendant as a defense and entitle him to an acquittal."

This instruction was sufficient because it states the substance of the requested instruction and correctly states the law.

Defendant requested the following instruction:

"You are further instructed that, if you find from the evidence in this case that the deceased came to his death by the honest mistake of the defendant in an honest endeavor to avoid a collision, then and in that event such killing would be accidental, and not criminal, and your verdict should be not guilty.

The court gave the instruction as follows:

"You are further instructed that, if you find from the evidence in the case that the deceased came to his death by the mutual mistake of the deceased and the defendant in the honest endeavor to avoid a collision, both on the part of the deceased and the defendant, then in that event such killing would be accidental, and not criminal, and your verdict should be not guilty. In connection with that instruction, gentlemen of the jury, I instruct you that, if the defendant was at the time alleged in this information engaged in an unlawful act, to wit, the act of driving

horses and a wagon upon the public highway in such a manner as to endanger the lives and persons of others, and such unlawful act resulted in the killing of the person named in the information mentioned, it would then be immaterial whether the killing was accidental or intentional. The defendant would be guilty."

This instruction as given was certainly as favorable to the defendant as the facts warranted. The information charged the defendant with unlawfully, wantonly, and recklessly driving his team and wagon upon the public highway in a manner likely and calculated to endanger the lives of persons thereon, and that defendant did so run over and upon the deceased, and the proof tended to show these facts. If the defendant was unlawfully, wantonly, and recklessly driving upon the public highway, and thereby ran down and killed one who had a right to be there, the fact that the defendant, when it was too late, tried to avoid the accident, would not excuse him. If there was error at all in the last instruction given, it is error against the state and not against the appellant.

The instructions as a whole fairly and correctly stated the law of the case to the jury. Finding no error, the judgment is affirmed.

FULLERTON, C. J., and HADLEY, ANDERS, and DUNBAR, JJ., concur.