[No. 1302-2.   Division Two.   December 17, 1974.]

THE STATE OF WASHINGTON, *Respondent,* v. ART ROCKWELL, *Appellant.*

*John Wolfe,* for appellant.

*Curtis Janhunen, Prosecuting Attorney,* and *David Foscue, Deputy,* for respondent.

PEARSON, C.J.—Defendant Art Rockwell appeals from a judgment and sentence following conviction by a jury for the crimes of second-degree burglary and grand larceny by aiding in concealing wrongfully appropriated property. RCW 9.54.010(5).

While defendant challenges the sufficiency of the evidence, our review of the record convinces us that there was ample evidence, partly direct and partly circumstantial, by which to sustain the conviction on both counts.

The only substantial assignment of error made on appeal is whether or not prejudicial error occurred by the failure of the trial court to give a circumstantial evidence instruction. We direct our attention to that assignment.

There is no question that a circumstantial evidence instruction was appropriate in this case. *State v. Douglas,* 71 Wn.2d 303, 428 P.2d 535 (1967). The State relied partly upon circumstantial evidence and partly upon direct evidence to connect defendant with the burglary of an unoccupied home,[1] and to establish the defendant's knowledge that the property had been wrongfully appropriated. Defendant relied solely upon circumstantial evidence to establish his defense, namely, that the stolen property had been left by a former tenant at the residence of defendant's mother, where he occasionally resided. The presence of the contraband in that location was subject to an inference consistent with guilt, as well as an inference consistent with innocence. *State v. Douglas, supra.*

The State concedes on appeal that a proper instruction on circumstantial evidence should have been given. It contends, however, that the instruction proposed by the defendant was insufficient, in that it failed to differentiate between *direct* and *circumstantial* evidence, when the

---

[1] Certain out-of-court admissions made by the defendant to third persons connected him more directly to the burglary, but even these admissions required the use of inferences from circumstances.

State's case was based partly on both. *See State v. Nabors*, 8 Wn. App. 199, 505 P.2d 162 (1973). Accordingly, the argument is made that the trial court was not obliged to give an incorrect instruction, nor was the State obliged to furnish a correct instruction on the subject of circumstantial evidence.

Also, the State relies on *State v. Frazier*, 81 Wn.2d 628, 503 P.2d 1073 (1972). There the Supreme Court held that nondirection does not constitute reversible error unless a constitutional right has been violated and that no such right was violated by the failure to give an instruction on circumstantial evidence.

▉ The fact that the defendant proposed an instruction on circumstantial evidence distinguishes this case from *State v. Frazier, supra*. The defendant thereby directed the court's attention to the need for such an instruction. It is true that the proposed instruction did not differentiate between direct and circumstantial evidence.[2] In *State v. Nabors, supra*, this omission was held to be fatal where the State's case was based partly on direct and partly on circumstantial evidence. However, in *Nabors*, the instruction stated that in order to sustain a conviction on circumstantial evidence *alone* that evidence should be consistent with

---

[2]Proposed Instruction Cr 5 stated:

"The law is that in your deliberations you must keep in mind the following:

"1. A suspicion on your part, even a strong suspicion, that a defendant may have committed the crime charged is not sufficient to support a conviction. To warrant a conviction you must find from the evidence beyond a reasonable doubt that a defendant did in fact commit such crime.

"2. You must reconcile the evidence consistent with the hypothesis of innocence rather than that of guilt. It is only when, after fair and impartial consideration, you are unable to do so that it is your duty to convict.

"3. Where some fact or circumstance proven by the evidence is reasonably susceptible of two constructions, one consistent with innocence and the other with guilt, it is your duty to adopt the construction favorable to a defendant and to acquit, unless all the other evidence in the case convinces you beyond a reasonable doubt of a defendant's guilt." (This was a uniform Grays Harbor County instruction.)

guilt and inconsistent with innocence. Thus without differentiating between direct and circumstantial evidence, the jury might be misled or confused as to the importance or unimportance of the direct evidence.

Defendant's proposed instruction is not subject to that vice. In fact the instruction does not attempt to compel either an acquittal or a conviction without a consideration by the jury of "all the other evidence" in the case. Thus it does not operate to the disadvantage of the State nor diminish the probative effect of the direct evidence offered in support of the State's case.

■ Additionally, defendant's theory of the case was predicated solely upon circumstantial evidence. Effective advocacy of this theory required an instruction on how the jury would consider reasonable divergent inferences from the circumstances surrounding the presence of the contraband in the home where defendant occasionally resided. Paragraph 3 of the proposed instruction furnished a fair and unslanted description of the effect of circumstantial evidence where both favorable and unfavorable (reasonable) inference could be made. Defendant's theory of the case was premised upon the fact that the hypothesis of innocence should take precedence. He could not effectively argue that theory without the instruction.

If the State believed that an instruction which distinguished the two types of evidence was necessary to clarify its theory of the case, it was, we think, incumbent upon the State to propose such an instruction. We agree that such a definition and distinction between the two types of evidence is appropriate. *State v. Nabors, supra.*

However, defense counsel did what was required of him. He proposed an instruction based upon defendant's theory of the case and one which was sufficient for the purpose of his defense. The State should not be permitted to cast upon defendant the burden of its own omission.

■ Where defendant is denied an instruction which permits him to argue his theory of defense and where there

296

is evidence to support the theory, prejudicial error has occurred. *State v. Ladiges*, 66 Wn.2d 273, 401 P.2d 977 (1965); *State v. Birdwell*, 6 Wn. App. 284, 492 P.2d 249 (1972). *See State v. Douglas, supra.*

Reversed and remanded for a new trial.

ARMSTRONG and PETRIE, JJ., concur.

Petition for rehearing denied February 24, 1975.

Review granted by Supreme Court September 26, 1975.