[No. 43667. En Banc. January 22, 1976.]

THE STATE OF WASHINGTON, *Petitioner*, v. ARTHUR ROCKWELL, *Respondent*.

*Curtis M. Janhunen, Prosecuting Attorney*, and *David Foscue, Chief Deputy*, for petitioner.

*John Wolfe*, for respondent.

PER CURIAM.—The defendant (respondent), Arthur Rockwell, was convicted by a jury verdict for the crimes of second-degree burglary and grand larceny. He appealed from the judgment entered thereon, and the Court of Appeals reversed the conviction based on the failure of the trial court to give one of defendant's proposed instructions. *State v. Rockwell*, 12 Wn. App. 292, 529 P.2d 891 (1975). The State appeals from this decision.

The jury instruction requested by defendant, and refused by the trial judge, stated generally the multiple-hypothesis test commonly used where the State's case rests solely on

circumstantial evidence.[1] The State contended, however, that the instruction was insufficient because it failed to distinguish between circumstantial and direct evidence and thus implied that the test applied to direct evidence also. The Court of Appeals reasoned that since the defendant's theory of defense was based solely on circumstantial evidence, the jury instruction was necessary for defendant to argue his theory of the case. It found that the offered instruction was sufficient for the purposes of defendant's defense and, therefore, held that the trial court's refusal to give the instruction was reversible error.

We reverse the decision of the Court of Appeals for the reason that the facts of the instant case are controlled by our recent opinion in *State v. Gosby*, 85 Wn.2d 758, 539 P.2d 680 (1975). We have not considered the issue of the sufficiency of the proposed instruction since it is no longer necessary to give the multiple-hypothesis circumstantial evidence instruction.

Whether direct evidence, circumstantial evidence, or a combination of these two types of evidence is involved, the jury should only be instructed that it must be con-

---

[1]Respondent's proposed instruction stated as follows:

"The law is that in your deliberations you must keep in mind the following:

"1. A suspicion on your part, even a strong suspicion, that a defendant may have committed the crime charged is not sufficient to support a conviction. To warrant a conviction you must find from the evidence beyond a reasonable doubt that a defendant did in fact commit such crime.

"2. You must reconcile the evidence consistent with the hypothesis of innocence rather than that of guilt. It is only when, after fair and impartial consideration, you are unable to do so that it is your duty to convict.

"3. Where some fact or circumstance proven by the evidence is reasonably susceptible of two constructions, one consistent with innocence and the other with guilt, it is your duty to adopt the construction favorable to a defendant and to acquit, unless all the other evidence in the case convinces you beyond a reasonable doubt of a defendant's guilt."

vinced beyond a reasonable doubt that the defendant is guilty. The so-called multiple hypothesis circumstantial evidence instruction which has been required in this state . . . should no longer be given . . .

*State v. Gosby, supra* at 767. The judge adequately instructed the jury in this case as to the reasonable doubt standard, and, consequently, it was not error to refuse the multiple-hypothesis instruction offered by the defendant. *See State v. Gosby, supra* at 768.

The Court of Appeals is reversed and the judgment of the trial court is reinstated.