[No. 44735. En Banc. February 9, 1978.]

THE STATE OF WASHINGTON, *Appellant,* v. WILLIAM JOSEPH ALLEN, *Respondent.*

*Christopher T. Bayley, Prosecuting Attorney,* and *Ruth A. Nordenbrook, Deputy,* for appellant.

*Murray B. Guterson,* for respondent.

ROSELLINI, J.—In a jury trial, the respondent was found guilty on three counts of asking and receiving a bribe. The Superior Court granted a new trial, based upon its failure to give an instruction advising the jury of its duty to consider evidence which was introduced with respect to the respondent's good character, as bearing upon the question of his guilt or innocence. The State has appealed.

The respondent, an exconvict, was employed by the Seattle Municipal Court Probation Service as a community service counselor. As such, it was his responsibility to place municipal court probationers in community agencies, where they could work off their fines at the rate of $3 per hour. He was not expected to collect fines from probationers. Rather, fines were supposed to be paid to the court cashiers, who were located in a different building.

Four probationers testified that the respondent had asked them for money (in amounts less than those which were due on their fines); that he took the money and gave them no receipt, and that thereafter they were required to do no further work in community service. The respondent acknowledged that he had received money from two of the probationers, but asserted that he had received it in partial payment of fines and had forwarded it by messenger to the court cashiers. He denied the other accusations. According

to the evidence, the money was not received at the Municipal Court.

The respondent presented evidence of his good character, which included testimony of a municipal court judge. This evidence tended to show that he was regarded very highly by the people with whom and for whom he worked and had been instrumental in making the community service program a success.

The respondent requested the following instruction:

> Evidence has been presented in this case which bears upon the good character and good reputation of the defendant. Such evidence is pertinent and proper in a criminal proceeding, and may in and of itself create a doubt as to the guilt of the defendant. Certainly such evidence should be considered by you, along with all the other evidence, in determining the guilt or innocence of the defendant.

The trial judge, being of the opinion that he was not required to instruct the jury regarding its duty to consider evidence of good character and reputation, refused to give this instruction. Upon the respondent's motion for a new trial, he reconsidered the question and concluded that he had been mistaken in this ruling, and that as a result of it the respondent had been denied a fair trial. The judge construed our cases of *State v. Cushing,* 17 Wash. 544, 50 P. 512 (1897), and *State v. Humphreys,* 118 Wash. 472, 203 P. 965 (1922), to mean that the concept expressed in the second sentence of the proposed instruction may not properly be embodied in an instruction. However, he felt that, in the performance of his duty to see that the defendant had a fair trial, he was required to give some instruction on the relevance of character evidence with respect to the issue of guilt, if such an instruction was requested.

Upon appeal, it is the appellant State's contention that the instruction incorrectly stated the law or at the very least, was misleading and that consequently the court was correct in refusing to give it. The appellant does not deny that an instruction upon this subject can properly be given,

but takes the position that unless the proposed instruction is without blemish, a refusal to give it cannot justify the granting of a new trial.

The purpose of an instruction is to furnish guidance to the jury in its deliberations, and to aid it in arriving at a proper verdict, so far as it is competent for the court to assist them. As the United States Supreme Court stated in *Bird v. United States,* 180 U.S. 356, 45 L. Ed. 570, 21 S. Ct. 403 (1901), the chief objects contemplated in the charge of the judge are to explain the law of the case, to point out the essentials to be proved on the one side or the other, and to bring into view the relation of the particular evidence adduced to the particular issues involved. *See* 75 Am. Jur. 2d *Trial* § 571 (1974).

█ It is the last mentioned purpose which is served by an instruction to the jury regarding the role which evidence of good character should play in the jury's deliberations. This court has long subscribed to the view that a defendant in a criminal case is entitled to an instruction upon this subject, where evidence has been introduced with respect to his good character. The cases include *State v. Tyree,* 143 Wash. 313, 255 P. 382 (1927); *State v. Humphreys, supra; State v. Underwood,* 35 Wash. 558, 77 P. 863 (1904); *State v. Stentz,* 33 Wash. 444, 74 P. 588 (1903); *State v. Newton,* 29 Wash. 373, 70 P. 31 (1902); *State v. Cushing, supra,* and *State v. Cushing,* 14 Wash. 527, 45 P. 145 (1896). *See also State v. Refsnes,* 14 Wn.2d 569, 128 P.2d 773 (1942). That this is the universal rule, *see* Annot., *Propriety of instructions as to the significance of evidence concerning the defendant's good character as an element bearing upon the question of reasonable doubt,* 10 A.L.R. 8, § 2(b) (1921), supplemented 68 A.L.R. 1068 (1930); *see also* 5 *Reid's Branson Instructions to Juries* § 3374 (W. Samore repl. 1962); 75 Am. Jur. 2d *Trial* §§ 715–25 (1974); 23A C.J.S. *Criminal Law* §§ 1208–11 (1961).[1] The reason for the rule is that without such an instruction, the jury may

---

[1]The appellant suggests that the court should abandon the position which it has taken in the past with respect to the propriety of instructions upon the jury's

tend to discount or ignore character evidence, not perceiving its relevance to the issue of guilt. For further elaboration of the reason for the rule, *see* 10 A.L.R. 17 (1921).

Here, the jury was instructed that, in determining whether there existed a reasonable doubt of the respondent's guilt, it should consider the evidence "concerning the charge" (instruction No. 4) or "with respect to any count of the information" (instruction No. 6). Under these instructions, unless it was advised otherwise, the jury might very well conclude that it could consider only evidence directly relating to the particular transaction.

We have also recognized that such evidence may, in a given case, create a doubt in and of itself as to the guilt of the accused. *State v. Cushing, supra. And see State v. Humphreys, supra,* and *State v. Tyree, supra.* This is also the prevailing concept in other jurisdictions. See the annotation, encyclopedias, and treatise which are cited above for the general proposition that an instruction upon the subject should be given on request, where the evidence justifies it.

The appellant contends, however, that the court has made it clear that the jury should not be advised that it

duty to consider evidence of the accused's good character. We are told that Proposed Washington Pattern Instructions for Criminal Cases, which are being prepared by a committee appointed by this court, have, at an interim stage of their preparation, suggested that no instruction should be given upon the subject of character evidence. The scant material which is furnished in the brief shows that the committee was concerned only with the subject of reputation evidence, as affecting credibility, and had not tackled the subject of character evidence as bearing upon the question whether a reasonable doubt exists concerning the guilt of the accused. All of the cases cited by the committee in its proposal to abolish such instructions in WPIC 6.11 deal with reputation evidence to attack or support the credibility of an accused or witness. These are *State v. Ternan,* 32 Wn.2d 584, 203 P.2d 342 (1949); *State v. Fiddler,* 57 Wn.2d 815, 360 P.2d 155 (1961) and *State v. Swenson,* 62 Wn.2d 259, 382 P.2d 614 (1963). Furthermore, the material, attached to the appellant's brief as an appendix, shows that the committee contemplated drafting, but had not at the time drafted an instruction which would cover the matter. We need not remark upon the persuasive value which such a committee proposal would carry in a case argued before the court, since the material presented in the appellant's brief does not treat the question at issue.

may give this much weight to character evidence. It places strong reliance upon the cases of *State v. Cushing, supra, State v. Humphreys, supra,* and *State v. Stentz, supra.* In the first of these cases, this court held that, where the jury had been charged to consider evidence of good character with the other evidence, in determining the question of guilt, it was not necessary for the court to further instruct that such evidence *may be admitted* for the purpose of creating a doubt, terming such a statement an abstract proposition of law but not questioning its validity. It is apparent that, as this court viewed the matter, the mistake of the defendant was in couching his instruction in terms of what the trial court should admit in evidence, rather than in terms of what the jury might consider.

In *State v. Humphreys, supra,* an instruction was offered to the effect that evidence of good character may of itself be sufficient to raise in the minds of the jury a reasonable doubt as to the guilt of the accused. Citing and quoting from *State v. Cushing, supra,* but failing to note the difference in the wording of the two proposed instructions, this court held that it was not necessary to give such an instruction, where another instruction charged the jury to consider evidence of good character with the other evidence in arriving at their verdict.

While both of these cases held that it was not error to refuse the requested instruction, where other instructions adequately advised the jury that it should give consideration to evidence of good character, neither rejected the concept expressed in the instruction, and neither held that it would have been reversible error to instruct the jury with respect to that concept.

*State v. Stentz, supra,* the third case relied upon by the appellant, is an opinion rendered without citation of authority. As the appellant correctly reports it, the opinion states that an instruction that evidence of good character may be sufficient to create a reasonable doubt of guilt, even though no such doubt would have existed but for such evidence, was erroneous. The opinion surmised that, guided by

such an instruction, a jury might acquit a man whom they found to have enjoyed a good reputation for peace and quietness and as a law–abiding citizen, even though they found from the evidence that he was guilty.

This rationale ignores the fact that evidence of good character is as much a part of the evidence as any other evidence. If, when it is weighed with the other evidence, the jury finds that it is sufficient to create in its mind a reasonable doubt, that doubt is based upon the evidence. This fact is at the root of the proposition that such evidence may, in and of itself, create a reasonable doubt of the guilt of the accused. It is simply a recognition that reasonable men may, upon a consideration of all the evidence, reach the conclusion that even though the other evidence, if believed, would point to the guilt of the accused, it is doubtful that a person of the defendant's character would commit the crime charged. In such a case the jury cannot say, beyond a reasonable doubt, that he is guilty. In effect, the evidence of his good character weakens the credibility of the other evidence.

In this case, the credibility of the probationers who testified against the respondent was vigorously attacked. While there was some evidence corroborative of their testimony, the jury might have found this evidence as consistent with innocence as with guilt, particularly if it found that the respondent was not the kind of person likely to commit the crimes charged.

The holding in *Stentz,* unsupported as it is by any rationale or citation of authority, is out of harmony with our prior and subsequent decisions, insofar as it suggests that evidence of good character may not, in and of itself, when considered with the other evidence, create a reasonable doubt of the guilt of the accused. We must deem the holding to have been overruled, *sub silentio,* by the later case of *State v. Tyree,* 143 Wash. 313, 255 P. 382 (1927), which expressly recognized this principle. It is also out of harmony with *State v. Humphreys,* 118 Wash. 472, 203 P.

965 (1922). *And see State v. Refsnes,* 14 Wn.2d 569, 128 P.2d 773 (1942).

*State v. Newton,* 29 Wash. 373, 381, 70 P. 31 (1902), the last case relied upon by the appellant, does not support the proposition that it is reversible error to instruct that evidence of character may, in and of itself, raise a reasonable doubt of the defendant's guilt. In that case, the trial court had instructed that the jury should weigh the evidence relating to the character of the accused, stating further that "'[i]t is not a convincing matter,'" but a circumstance to be considered in the accused's favor when determining the effect of the evidence. It was there objected by the defendant that the quoted phrase constituted a comment on the evidence. As this court construed it, however, in its context the statement merely meant that proof of previous good character does not in itself, as a matter of law, raise a reasonable doubt. Rather, its weight is to be determined by the jury.

As the authorities which we have cited demonstrate, the instruction as worded did not incorrectly state the law in this jurisdiction. We do not think the second sentence is open to the construction placed upon it by the appellant, who contends that it allows the jury to acquit an accused, even though it is convinced by the other evidence in the case that he is guilty. Doubt of guilt cannot coexist with conviction of guilt. Any fact in evidence may, under the particular circumstances, raise a doubt of guilt which would not otherwise exist. If the doubt is raised, it follows that the jury is not convinced beyond a reasonable doubt of the guilt of the accused and must acquit.

We conclude that the instruction, as worded, was not an incorrect statement of law and could properly have been given. If the appellant thought that the language could be improved, it was incumbent upon it to suggest a revision. The trial court proposed on its own motion to revise the instruction. The addition of a statement to the effect that the jury should not acquit if it is convinced of the respondent's guilt, even though it finds that he is a person of good

character, would be proper and would dispose of the appellant's objections, as we understand them.

The appellant suggests that the discretion vested in a superior court judge is not sufficient to permit him to grant a new trial based on his failure to give an instruction with which he is dissatisfied, even though the judge is of the opinion that his failure to give any instruction upon the subject matter has resulted in injustice to the defendant. No authority cited sustains this proposition. While it is not reversible error to refuse an instruction which incorrectly states the law or is misleading or argumentative, it does not follow that a trial judge lacks discretion to modify a proposed instruction upon his own motion or to grant a new trial based upon his failure to exercise his discretion in this manner.

It is, as the superior court judge observed here, his primary duty to see that justice is done. We need not decide whether it would have been reversible error to refuse to give any instruction at all upon this matter.[2] It is enough to say that it was not error to grant a new trial based on the omission.

The order is affirmed.

WRIGHT, C.J., and HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.

[2]See State v. McHenry, 88 Wn.2d 211, 558 P.2d 188 (1977), holding that the superior court has an affirmative duty to give certain instructions in a criminal case, whether or not they are requested. Two divisions of the Court of Appeals have said that, in attempting to sustain the lower court's refusal of an instruction, the State should not be permitted to argue imperfections in the proposed instruction if it is substantially correct and is one to which the defendant is otherwise entitled. See State v. Rockwell, 12 Wn. App. 292, 529 P.2d 891 (1974), rev'd on other grounds, 86 Wn.2d 393, 544 P.2d 1250 (1976); State v. Calhoun, 13 Wn. App. 644, 649 n.1, 536 P.2d 668 (1975). These holdings imply that mere imperfection of wording does not justify the refusal of a proper instruction.