**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
AUGUST 3, 2023

_González C.J._
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
AUGUST 3, 2023

ERIN L. LENNON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| WAYNE WRIGHT, individually and as personal representative for the estate of WARREN WRIGHT, deceased, | No. 100768-0 |
| Respondent, | En Banc |
| v. | |
| | Filed: <u>August 3, 2023</u> |
| 3M COMPANY, f/k/a MINNESOTA MINING & MANUFACTURING COMPANY; E.J. BARTELLS SETTLEMENT TRUST; SHELL OIL COMPANY; TEXACO, INC.; U.S. OIL & REFINING COMPANY, | |
| Defendants, | |
| EXXONMOBIL OIL COMPANY, | |
| Petitioner. | |

YU, J. — This case concerns a trial court's exercise of discretion regarding jury instructions in a premises liability case. The plaintiff, an invitee, was allegedly injured by exposure to asbestos on the defendant landowner's property.

*Wright v. 3M Company et al.,* No. 100768-0

The landowner, petitioner ExxonMobil Oil Corporation (Mobil), requested a jury instruction to limit its potential liability for injuries caused by "known or obvious" dangers pursuant to § 343A of *Restatement (Second) of Torts* (Am. L. Inst. 1965). The trial court declined to give the § 343A instruction, and the jury issued a verdict in favor of the plaintiff. The Court of Appeals affirmed. We affirm the Court of Appeals.

Mobil argues that the jury should have been instructed on both §§ 343 and 343A of the *Restatement* as a matter of law. According to Mobil, an instruction on § 343A was necessary to make the jury instructions complete and to allow Mobil to argue its theory of the case. However, it is well established that the issuance of jury instructions is "within the trial court's discretion" and that instructions on "a party's theory of the case" are not "required" unless they are supported by "substantial evidence." *Taylor v. Intuitive Surgical, Inc.*, 187 Wn.2d 743, 767, 389 P.3d 517 (2017) (citing *Stiley v. Block*, 130 Wn.2d 486, 498, 925 P.2d 194 (1996)). We decline Mobil's invitation to limit the trial court's discretion in the context of § 343A instructions. We hold that both §§ 343 and 343A are not always required to be given as a matter of law.

Deciding whether to issue a particular jury instruction is often a close decision, requiring a fact-intensive inquiry based on the evidence presented in each case. Moreover, § 343A instructions must be approached with caution because the

2

instructions can create a complete bar to recovery—especially where the landowner had greater knowledge of the danger and a greater ability to mitigate the risk. In this case, whether there was substantial evidence that the plaintiff fully appreciated the dangers of asbestos was a factually driven and close decision, which the trial court was in the best position to make. We therefore defer to the trial court's reasonable, discretionary decision not to provide a § 343A instruction in this case.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

A.  Warren Wright was exposed to asbestos as Mobil's business invitee in 1979 and later developed mesothelioma

During the relevant time period, Warren Wright was an employee of Northwestern Industrial Maintenance (NWIM). In 1979, Mobil's predecessor-in-interest hired NWIM as an independent contractor to remove asbestos-containing insulation from a facility in Ferndale, Washington.[1] Wright's former coworker testified that at the time, NWIM was run by "three people" out of an "old house" in Burlington, Washington. Verbatim Rep. of Proc. (VRP) (Oct. 30, 2019) at 433. The company had no "corporate doctor" or "industrial hygienist" on its staff. *Id.* at 434.

---

[1] At the time, "Mobil Oil Company owned and operated the Mobil refinery located in Ferndale, Washington." Verbatim Tr. of Proc. (Nov. 4, 2019) at 734.

NWIM assigned Wright to the Ferndale job, which he worked for approximately three months. As a "working foreman," Wright worked alongside his crew members removing the insulation, while also performing supervisory tasks. *Id.* at 470. According to Wright's former coworkers, they took certain "precautions" against asbestos at the Ferndale job, including using water hoses to "wet down the insulation" to limit dust in the air and wearing masks while "dealing with [the] insulation." *Id.* at 515, 453. Additionally, as part of his supervisory duties, Wright was sometimes in charge of "safety meeting[s]" where the team discussed the "scope of the work for the day," any "[i]njuries that happened," and safety precautions such as wearing masks when they "dealt with insulation." *Id.* at 502-03, 453.

It is undisputed that Wright knew there was asbestos at the Ferndale refinery. However, Wright's former coworkers testified that in 1979, they did not know "there was a connection between asbestos exposure and cancer," they did not "have specific knowledge as to the hazards of asbestos to the human body," and they had not "received any education about the hazards of asbestos." Verbatim Tr. of Proc. (VTP) (Oct. 31, 2019) at 590; VTP (Nov. 7, 2019) at 1287-88.

Moreover, trial testimony established that the first class offering certification to "perform asbestos removal" in the state of Washington occurred in 1984—five years after the Ferndale job. VTP (Oct. 31, 2019) at 563. Before the 1984

*Wright v. 3M Company et al.,* No. 100768-0

training, Wright's coworkers had not "received any formal training or education about the hazards of asbestos." VRP (Oct. 30, 2019) at 478. After the 1984 training, NWIM changed their "work practices" around asbestos to implement enhanced safety measures based on a more complete understanding of the gravity and probability of the harm caused by exposure to asbestos. *Id.*

There was no evidence that Wright had more knowledge or training than his coworkers in 1979. Indeed, Mobil's own corporate representative testified that he had "not seen" any evidence "that Mr. Wright attended any other class prior to 1984 to specifically learn about the hazards of asbestos." VTP (Nov. 4, 2019) at 781. By contrast, Mobil had extensive knowledge about the dangers of asbestos exposure at the time of the Ferndale job in 1979.

Mobil's corporate representative testified that since at least 1919, Mobil had been part of an "industry trade organization" that "met and discussed and shared medical and scientific information," specifically including "the hazards of handling asbestos and the disease of asbestosis." *Id.* at 770-71, 774. Mobil also had a dedicated medical and safety department in 1979, as well as a "large industrial hygiene department across the nation" that had been in place since "at least the 1950s." *Id.* at 760-61, 777. As a result, Mobil "knew what the medical and scientific information was," and Mobil "was acutely aware of the hazards of asbestos to the human body." *Id.* at 781-82. By "the mid 1960s, the Mobil Oil

5

*Wright v. 3M Company et al.,* No. 100768-0

Company became aware of the hazards of asbestos . . . and the connection with mesothelioma." *Id.* at 745. In addition, Mobil's expert industrial hygienist testified that in "1979, Mobil clearly had knowledge about the hazards of asbestos and the precautions they needed to take for their employees." VTP (Nov. 12, 2019) at 1495.

After the job at the Ferndale refinery was complete, Wright worked at several other refinery jobs for NWIM until his retirement in 1988. In 2015, Wright passed away. After his death, an autopsy revealed that Wright had been living with mesothelioma, a type of cancer caused by exposure to asbestos.

In 2018, Wright's son Wayne, individually and as a personal representative for Wright's estate, filed suit against several defendants, including Mobil. Wright[2] sought damages for personal injury and wrongful death caused by exposure to "asbestos and asbestos-containing products." Clerk's Papers (CP) at 2. All the other defendants settled except for Mobil, which proceeded to trial.

B. Jury instructions and verdict

At trial, Wright claimed Mobil was liable pursuant to two independent theories of the case: (1) that Mobil "breached the duty it owed Warren Wright as an invitee" (premises liability theory) and (2) that Mobil "breached its duty to exercise reasonable care within the scope of the control it retained over the work of

---

[2] Hereinafter, we use "Wright" to refer to Warren Wright, his son, and his estate.

6

Warren Wright" (retained control theory). CP at 2272 (jury instruction 21). The

instructional issue on review pertains solely to Wright's premises liability theory.

The trial court instructed the jury on premises liability in accordance with

§ 343 of *Restatement (Second) of Torts*. *See id.* at 2280 (jury instruction 29).

Mobil requested an additional instruction pursuant to § 343A of the *Restatement*,

which sets forth "the appropriate standard for duties to invitees for known or

obvious dangers." *Tincani v. Inland Empire Zoological Soc'y*, 124 Wn.2d 121,

139, 875 P.2d 621 (1994); *see* CP at 1787 (Mobil's proposed instruction on

premises liability). Section 343A can provide a complete bar to recovery where an

invitee is injured by "known or obvious dangers," unless the landowner "'should

anticipate the harm despite such knowledge or obviousness.'" *Tincani*, 124 Wn.2d

at 139 (quoting RESTATEMENT (SECOND) OF TORTS § 343A(1)).

After hearing the testimony at trial, the trial court declined to issue a § 343A

instruction. The trial court also declined Mobil's request for jury instructions on

the affirmative defenses of contributory negligence and assumption of risk.

The jury found in favor of Wright on both of his theories of the case. As to

the premises liability theory, the jury found that "Mobil's breach of the duty it

owed to Warren Wright as a business invitee" was a "substantial factor in causing

injury to Warren Wright." CP at 2295 (boldface omitted) (verdict form).

Likewise, on the retained control theory, the jury found that "Mobil's breach of the

*Wright v. 3M Company et al.,* No. 100768-0

duty it owed to Warren Wright as a result of control it retained over Warren Wright's work" was a "substantial factor" in his injuries. *Id.* at 2295-96 (boldface omitted). The jury found damages totaling $4,000,000. *Id.* at 2296.

The trial court subsequently determined the reasonableness of Wright's settlements with the other defendants and offset the jury's verdict by $1,730,000 pursuant to RCW 4.22.060. *Id.* at 3310. As a result, the court entered judgment against Mobil for "damages in the amount of $2,270,000.00." *Id.* at 3315. Mobil appealed the jury's verdict and the resulting judgment.

C.     Proceedings on appeal

On appeal, Mobil argued in relevant part that the trial court committed several instructional errors, including declining to give a § 343A instruction, declining to instruct the jury on the affirmative defenses of contributory negligence and assumption of risk, and giving a legally incorrect instruction on Wright's retained control theory of the case. Mobil raised additional claims of error that are not relevant to our review.

In an unpublished opinion, the Court of Appeals agreed with Mobil that the jury instruction on retained control was a "clear misstatement of the law." *Wright v. 3M Co.*, No. 81289-1-I, slip op. at 7 (Wash. Ct. App. Dec. 13, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/812891.pdf. However, because the "jury returned a verdict for Wright on both" retained control and

*Wright v. 3M Company et al.,* No. 100768-0

premises liability, reversal was not necessary unless "the court's actions rose to the level of prejudicial error for instructions related to both theories." *Id.* at 4.

After considering the instructions on premises liability, the Court of Appeals "affirm[ed] the jury verdict," holding that the trial court properly declined to instruct the jury on § 343A and Mobil's proposed affirmative defenses. *Id.* at 24. However, the Court of Appeals "vacate[d] the judgment and remand[ed] for a new reasonableness hearing" pursuant to RCW 4.22.060. *Id.*

Mobil petitioned for our review solely on the issue of whether the trial court abused its discretion by declining to issue a § 343A instruction in this case. We granted review and accepted briefs from amici on both sides.[3] We now affirm the Court of Appeals and hold that the trial court properly declined to issue a § 343A instruction.

---

[3] We accepted amici briefs supporting Mobil from the following entities: (1) Washington Defense Trial Lawyers, (2) the Washington Retail Association, the Washington Food Industry Association, the Association of Washington Business, and the Washington Hospitality Association, (3) the Chamber of Commerce of the United States and the National Association of Manufacturers, (4) the Western States Petroleum Association, and (5) the Building Association of Washington, Associated Builders and Contractors of Western Washington, and the Washington Farm Bureau. We accepted amici briefs supporting Wright from the following entities: (1) the Washington State Association for Justice Foundation, (2) the Washington State Building and Construction Trades Council, and (3) the National Association of Premises Liability Attorneys.

*Wright v. 3M Company et al.,* No. 100768-0

## ISSUE

Whether the trial court abused its discretion by declining to instruct the jury on "known and obvious" dangers pursuant to § 343A of *Restatement (Second) of Torts* in light of the evidence presented at trial.

## ANALYSIS

A.   General principles regarding premises liability, jury instructions, and the standard of review

The instructional issue on review concerns Wright's premises liability theory of the case.  In a premises liability claim, the landowner's liability depends on whether the injured person was an "invitee, licensee, or trespasser." *Tincani*, 124 Wn.2d at 128.  It was undisputed that "Warren Wright was an invitee when he performed work at [Mobil]'s refinery" because "[e]mployees of independent contractors hired by landowners are invitees on the landowners' premises."  CP at 2275 (jury instruction 24); *Kamla v. Space Needle Corp.*, 147 Wn.2d 114, 125, 52 P.3d 472 (2002).

A landowner's liability to their invitees is governed by § 343 of the *Restatement*.  *Iwai v. State*, 129 Wn.2d 84, 95, 915 P.2d 1089 (1996) (plurality opinion); *see Tincani*, 124 Wn.2d at 138.  Washington courts are also permitted, but not required, to instruct the jury on § 343A, which limits liability for injuries caused by a dangerous condition that "is known or obvious" to the invitee. RESTATEMENT (SECOND) OF TORTS § 343A(1).  In this case, the trial court

10

*Wright v. 3M Company et al.,* No. 100768-0

instructed the jury on § 343, but not § 343A.  Mobil argues that a "§ 343A

instruction was plainly required on the facts of this case" and that without it, the

"trial court's instruction was incomplete and misleading."  Pet. for Rev. at 12;

Pet'r's Suppl. Br. at 10.

"Whether to give a certain jury instruction is within a trial court's discretion

and so is reviewed for abuse of discretion." *Fergen v. Sestero*, 182 Wn.2d 794,

802, 346 P.3d 708 (2015).  Deciding whether to give a particular jury instruction is

a highly fact-specific issue because "[e]ach case before the court presents different

facts, and it is impossible to have one formula fit all unique situations." *Id.* at 811.

A jury instruction on a party's theory of the case is "required" only if the party's

theory is supported by "substantial evidence." *Taylor*, 187 Wn.2d at 767.  To

constitute substantial evidence requiring an instruction, the evidence "must rise

above speculation and conjecture." *Bd. of Regents v. Frederick & Nelson*, 90

Wn.2d 82, 86, 579 P.2d 346 (1978).

In this case, whether there was substantial evidence that Wright knew the

dangers of asbestos in 1979 was a close decision.  However, the trial court's

decision not to give a § 343A instruction was a reasonable exercise of its

discretion, which is entitled to deference on appeal.

11

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

B.      Based on the record, the trial court reasonably determined that substantial evidence did not support a § 343A instruction in this case

Although instructions based on §§ 343 and 343A are often given together, Mobil correctly acknowledges that no Washington precedent "explicitly requires both instructions to be given." Pet. for Rev. at 11; *see also Wright*, No. 81289-1-I, slip op. at 9. To the contrary, published opinions recognize a trial court's discretion in this context. *E.g.*, *Suriano v. Sears, Roebuck & Co.*, 117 Wn. App. 819, 831, 72 P.3d 1097 (2003), *review denied*, 151 Wn.2d 1012 (2004). Nevertheless, Mobil argues that the jury instruction on liability in this case "was incomplete and misleading" because the jury was not instructed on § 343A. Pet'r's Suppl. Br. at 10. We disagree.

In accordance with our precedent, we decline to recognize a presumption that instructions on §§ 343 and 343A must be given together. Instead, we reaffirm that like other jury instructions, § 343A instructions are generally within the trial court's discretion, and they are required only when supported by "substantial evidence." *Taylor*, 187 Wn.2d at 767. In addition, requests for § 343A instructions should be approached with caution due to the fact-intensive nature of the inquiry and the potentially severe implications for the injured party. Therefore, trial courts must carefully assess the evidence on a case-by-case basis, and appellate courts should defer to a trial court's reasonable exercise of its discretion.

12

*Wright v. 3M Company et al.,* No. 100768-0

In this case, Mobil argues that Wright's own "recitation of the facts" shows that there was "more-than-sufficient evidence" that he knew of the dangers of working with asbestos in 1979, thus requiring a § 343A instruction. Pet'r's Suppl. Br. at 15. However, the evidence relied on by Mobil shows only that Wright and his coworkers took some rudimentary safety precautions and attended some meetings about the dangers of asbestos in 1979, as recounted in the factual background above. Wright's generalized knowledge is not sufficient to require a § 343A instruction as a matter of law. Instead, for a landowner to evade liability for a dangerous condition on their land pursuant to § 343A, "the condition or activity must not only be known to exist, but it must also be recognized that it is dangerous, and *the probability and gravity of the threatened harm must be appreciated*." RESTATEMENT (SECOND) OF TORTS § 343A cmt. b (emphasis added).

Here, the evidence at trial shows that Wright knew that there was asbestos at the Ferndale refinery. However, Mobil does not point to any evidence showing that in 1979, Wright appreciated both the gravity of the harm caused by asbestos exposure and the probability that such harm would occur *despite* his efforts to take safety precautions. Instead, as accurately summarized in Wright's closing arguments, Mobil simply "attempt[ed] to insinuate that because . . . [Wright and his coworkers] were blowing off their clothes at times to blow off the dust, that they were using masks, that they were sometimes spraying water on the insulation,

that that is confirmation that they're aware of the hazards of asbestos." VTP (Nov. 14, 2019) at 1833. The trial court reasonably declined to issue a § 343A instruction based on this evidence.

In addition, as noted above, the Court of Appeals affirmed the trial court's decision not to instruct the jury on contributory negligence and assumption of risk. Mobil did not seek review on that issue, but it is nevertheless relevant. In its opinion, the Court of Appeals specifically held that the evidence showed that "Wright took all precautions known at the time to limit his exposure to asbestos," and that "[w]hile Wright was clearly aware of the 'generalized risk' of asbestos exposure, *Mobil did not produce evidence that Wright knew the risk of exposure even with precautions or evidence that he knew the risk of developing mesothelioma*." *Wright*, No. 81289-1-I, slip op. at 10, 12 (emphasis added).

The Court of Appeals' holdings on contributory negligence and assumption of risk are not legally determinative of the § 343A issue before this court. Nevertheless, it is difficult to reconcile the Court of Appeals' unchallenged holdings with Mobil's claim that Wright had "sophisticated" understanding and "specialized knowledge" of the dangers of working with asbestos in 1979. Pet'r's Suppl. Br. at 16, 12. To the contrary, the evidence supports a reasonable conclusion that Wright had only "common sense" and a general understanding that he "'should avoid breathing asbestos dust.'" VTP (Nov. 14, 2019) at 1833; Pet'r's

14

*Wright v. 3M Company et al.,* No. 100768-0

Suppl. Br. at 16 (quoting Resp. to Pet. for Rev. at 6). As a result, it was entirely within the trial court's discretion to decline Mobil's request for a § 343A instruction.

To reiterate, "where the parties' disagreement about an instruction is based on a factual dispute," the trial court's decision "is reviewed for an abuse of discretion." *Taylor*, 187 Wn.2d at 767. Here, the parties' disagreement is based on a factual dispute as to whether there was substantial evidence that Wright had knowledge of both the gravity and the probability of harm caused by asbestos exposure in 1979. Based on the record presented, the trial court reasonably determined there was not substantial evidence to support a § 343A instruction in this case. We accordingly defer to the trial court's discretion and hold that the trial court did not err in declining to instruct the jury on § 343A.

## CONCLUSION

Neither our precedent nor the evidence presented in this case required the trial court to instruct the jury on § 343A. Therefore, we defer to the trial court's reasonable, discretionary decision not to provide that instruction. We affirm the Court of Appeals and remand to the trial court for further proceedings consistent with the opinions on appeal.

*Wright v. 3M Company*, et al., No. 100768-0



Yu, J.

WE CONCUR:

González, C.J.

Stephens, J.

Johnson, J.

Montoya-Lewis, J.

Owens, J.

Whitener, J.

*Wright v. 3M Company*, et al., No. 100768-0

*Wright v. 3M Co. et al.; ExxonMobil Oil Co.*

No. 100768-0

MADSEN, J. (dissenting)—I agree with the majority that it is within the trial judge's discretion to give a jury instruction based on section 343A of *Restatement (Second) of Torts* (Am. L. Inst. 1965), which limits landowner liability in certain circumstances. As a matter of law, jury instructions based on sections 343 and 343A are not always *required* to be given together. Majority at 2, 12. I depart from the majority's conclusion, however, that the section 343A instruction was not required in this case. In my view, ExxonMobil Oil Company (Mobil) was denied the ability to argue its theory of the case when the trial judge declined to provide the requested section 343A instruction. Therefore, I would hold that the court abused its discretion, and I would reverse the courts below.

Background

In 1979, Warren Wright and his team were hired by Mobil's predecessor-in-interest to remove insulation from an out-of-service refinery. That insulation contained asbestos, the exposure to which is the primary risk factor for a type of cancer

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 100768-0
Madsen, J., dissenting

(mesothelioma). The insulation removal process lasted about three months. Wright and his coworkers took safety precautions, but they did not connect asbestos exposure to cancer at the time. Wright continued working in refineries until he retired in 1988. In 2015, Wright passed away. Wright's autopsy revealed mesothelioma.

Wright's son, individually and as personal representative for Warren Wright's estate (Estate), filed suit against Mobil, among other defendants. The Estate sought damages for personal injury and wrongful death from exposure to asbestos. The other defendants settled. At trial, the Estate argued that Mobil breached its duty owed to Wright under two theories. Only the first, that Mobil breached its duty to Wright as an invitee under a premises' liability theory, is relevant to the present case.

Mobil requested jury instructions on premises liability as set out in sections 343 and 343A of the *Restatement*. The trial court provided the section 343 instruction but declined to provide the section 343A instruction. The jury found in favor of the Estate on both theories of the case, specifically finding that Mobil breached its duty to Wright as a business invitee, which was "a substantial factor in causing injury" to Wright. Clerk's Papers at 2295.

The Court of Appeals affirmed the jury verdict in an unpublished decision. *Wright v. 3M Co.*, No. 81289-1-I, slip op. at 1 (Wash. Ct. App. Dec. 13, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/812891.pdf. Mobil sought review of the section 343A issue in this court, which we granted.

2

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Discussion

The majority concludes, and I agree, that the decision on whether to provide a jury instruction is within the sound discretion of the trial court. Majority at 11 (quoting *Fergen v. Sestero*, 182 Wn.2d 794, 802, 346 P.3d 708 (2015)). We review that decision for abuse of discretion. *Fergen*, 182 Wn.2d at 802.

There is no abuse of discretion if the instructions, read as a whole, allow each party to argue its theory of the case, are not misleading, and properly inform the fact-finder of the applicable law. *Falk v. Keene Corp.*, 113 Wn.2d 645, 655, 782 P.2d 974 (1989). Instructions are insufficient and the trial court abuses its discretion when the court refuses to give an instruction despite the proponent presenting sufficient evidence in support. *Stiley v. Block*, 130 Wn.2d 486, 498, 925 P.2d 194 (1996). The court should instruct the jury on theories supported by evidence, but if a theory lacks substantial evidence the court must not provide the instruction. *State v. Hoffman*, 116 Wn.2d 51, 110-11, 804 P.2d 577 (1991). When evaluating whether substantial evidence supports an instruction, courts view the evidence in the light most favorable to the party requesting the instruction. *State v. Fernandez-Medina*, 141 Wn.2d 448, 455-56, 6 P.3d 1150 (2000).

Whether a landowner owes a legal duty to someone entering a premises depends on whether the entrant was a trespasser, a licensee, or an invitee. *Iwai v. State*, 129 Wn.2d 84, 90-91, 915 P.2d 1089 (1996) (plurality opinion). Employees of independent contractors hired by landowners are invitees. *Kamla v. Space Needle Corp.*, 147 Wn.2d

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 100768-0
Madsen, J., dissenting

114, 125, 52 P.3d 472 (2002).  There is no dispute that Wright was an invitee on the

refinery premises.

Sections 343 and 343A of the *Restatement* relate to a landowner's common law

duty to invitees.  *Iwai*, 129 Wn.2d at 93.  Section 343 states:

> "A possessor of land is subject to liability for physical harm caused to
> [their] invitees by a condition on the land if, but only if, [the possessor]
>> "(a) knows or by the exercise of reasonable care would discover the
> condition, and should realize that it involves an unreasonable risk of harm
> to such invitees, and
>> "(b) should expect that they will not discover or realize the danger,
> or will fail to protect themselves against it, and
>> "(c) fails to exercise reasonable care to protect them against the
> danger."

*Id.* at 93-94 (quoting RESTATEMENT (SECOND) OF TORTS § 343).  The *Restatement*'s

comments explain that section 343 "should be read together with § 343A."

RESTATEMENT, *supra*, § 343 cmt. a.  Section 343A, in turn, states, in relevant part:

> "A possessor of land is not liable to . . . invitees for physical harm caused to
> them by any activity or condition on the land whose danger is known or
> obvious to them, unless the possessor should anticipate the harm despite
> such knowledge or obviousness."

*Iwai*, 129 Wn.2d at 94 (quoting RESTATEMENT, *supra*, § 343A(1)).  "Where the danger to

an invitee is known or obvious, the landowner's liability is limited by . . . § 343A(1)."

*Degel v. Majestic Mobile Manor, Inc.*, 129 Wn.2d 43, 50, 914 P.2d 728 (1996).

In this case, the Court of Appeals held that Mobil was able to argue its theory of

the case under the section 343 instruction because it included "the element of the

invitee's knowledge," and thus Mobil could argue that "Wright knew of the danger and

knew to protect himself against it."  *Wright*, slip op. at 9.  But section 343 deals only with

4

No. 100768-0
Madsen, J., dissenting

what a *landowner* knows or should know.  Section 343A concerns the knowledge of an

*invitee*.  Without section 343A, the jury was left without an instruction explaining why an

invitee's knowledge was relevant, let alone that it could affect liability.  Presenting

evidence without the essential context of a legal theory risks delegating to the jury the

task of determining the law.  *State v. Arbogast*, 199 Wn.2d 356, 381, 506 P.3d 1238

(2022) (citing *United States v. Zipkin*, 729 F.2d 384, 387 (6th Cir. 1984) (holding it

impermissible for a trial judge to delegate the determination of the law of the case to the

jury)).  As one amicus curiae explains, instructions for sections 343 and 343A direct the

jury to "determine whether Mobil should have 'anticipate[d] the harm despite' Wright's

. . . knowledge of the work environment and necessary safety precautions."  Br. of

Amicus Curiae W. States Petrol. Ass'n in Supp. of Def./Pet'r at 8 (first alteration in

original) (quoting RESTATEMENT, *supra*, § 343A(1)).

        Jury instructions are meant to explain the law of the case, to identify the parties'

burdens, and most relevant here, to bring into view how particular evidence relates to

particular issues.  *State v. Allen*, 89 Wn.2d 651, 654, 574 P.2d 1182 (1978).  Mobil

argued Wright's knowledge in its closing argument, but without context, the jury had no

direction on applying the law to that evidence.  Because Mobil was prevented from

arguing its theory of the case, the jury instructions were insufficient and the trial court

abused its discretion.  *Falk*, 113 Wn.2d at 655.

        This instructional error was not harmless.  An erroneous jury instruction is

harmless if it does not prejudice "'the substantial rights of the part[ies] . . . , and in no

5

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 100768-0
Madsen, J., dissenting

way affected the final outcome of the case.'" *Blaney v. Int'l Ass'n of Machinists &*

*Aerospace Workers, Dist. No. 160*, 151 Wn.2d 203, 211, 87 P.3d 757 (2004) (alterations

in original) (quoting *State v. Britton*, 27 Wn.2d 336, 341, 178 P.2d 341 (1947)). Courts

must scrutinize the record to determine if the error was harmless or prejudicial. *Id.*

The Estate argues there was no evidence of Wright's knowledge of the danger of

asbestos. The Estate claims no evidence implicated either section 343A or that "Mr.

Wright appreciated the probability and gravity of any remaining risk given the

precautions he in fact faithfully employed." Resp't's Suppl. Br. at 15 (emphasis

omitted). As to Wright's knowledge of the specialized danger asbestos posed, one

coworker testified that he and Wright worked subsequent jobs with Mobil that included

*more* safety precautions and better asbestos abatement, such as different safety masks,

other wet methods, and air monitoring. But Wright's coworkers also testified that during

the 1979 refinery job, they were told they were handling asbestos; given respirators; and

took numerous precautions, such as watering down the insulation to prevent dust; wore

protective gear with specific grooming requirements to ensure proper fit; and had safety

meetings every shift. Wright was a "stickler" for safety rules. Verbatim Rep. of Proc.

(Oct. 30, 2019) at 506. Wright's company was in the business of removing building

materials that contained asbestos. The record is clear that he was knowledgeable about

the dangers of asbestos and, in response, took robust safety precautions.

Taken in a light most favorable to Mobil, *Fernandez-Medina*, 141 Wn.2d at 455-

56, a properly instructed jury could have found Wright recognized the danger and

6

No. 100768-0
Madsen, J., dissenting

appreciated "gravity of the threatened harm" as section 343A requires and could have rendered a verdict that limited Mobil's liability. RESTATEMENT, *supra*, § 343A cmt. b. Based on the record, the erroneous instructions cannot be said to have "in no way affected the final outcome of the case." *Blaney*, 151 Wn.2d at 211. In my view, the requested section 343A instruction should have been provided, and the failure to do so prejudiced Mobil.

With these considerations in mind, I respectfully dissent.

_____
Madsen, J.

_____
Gordon McCloud, J.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.