[No. 6630–7–I.   Division One.   January 28, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN
MALCOLM MARSHALL, *Appellant*.

*Charles K. Wiggins, Malcolm L. Edwards, Edwards &
Barbieri, Michael L. Cohen,* and *Cohen, Andrews &
Keegan, P.S.,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Gene S.
Anderson, Deputy,* for respondent.

JAMES, J.—John Malcolm Marshall was convicted at jury trial of one count of grand larceny and three counts of first-degree forgery. We affirm the larceny conviction and reverse the forgery convictions.

Marshall, a registered pharmacist, operated a retail pharmacy in Seattle. As part of his business, he filled Medicaid prescriptions for about 250 customers. Pharmacists receive reimbursement from the State for these prescriptions by submitting reimbursement forms to the Department of Social and Health Services (DSHS). Each form covers a single prescription for a single patient and requires the pharmacist's signature. Based on the results of a DSHS investigation, Marshall was charged with one count of larceny and seven counts of first-degree forgery for submitting over 300 allegedly fraudulent reimbursement forms.

Marshall's defense was lack of criminal intent. He did not deny submitting the forms, but claimed that any discrepancies were due to clerical error. He introduced a number of character witnesses and sought to introduce evidence that the prescription records of most pharmacies and physicians were inaccurate. The latter evidence was refused.

Marshall's appeal raises the following issues: (1) whether his conduct was legally sufficient to constitute forgery, (2) whether the jury was properly instructed, and (3) whether the trial judge erred on certain evidentiary rulings.

Marshall's first contention is that his conduct was legally insufficient to constitute forgery under former RCW 9.44-.010 and RCW 9.44.020. We agree.

█ Forgery requires a false making, not just a false representation.

Where the "falsity lies in the representation of facts, not in the genuineness of execution," it is not forgery.

*Gilbert v. United States,* 370 U.S. 650, 658, 8 L. Ed. 2d 750, 82 S. Ct. 1399 (1962). The Washington Supreme Court has stated that "forgery cannot be charged if the accused signs or uses his own true or actual name." *State v. Lutes,* 38 Wn.2d 475, 480, 230 P.2d 786 (1951).

In *Dexter Horton Nat'l Bank v. United States Fidelity & Guar. Co.*, 149 Wash. 343, 345, 270 P. 799 (1928), one H. N. Howe, an employee of Crenshaw & Bloxom, had endorsed without authority to do so a check payable to Crenshaw & Bloxom as follows: "Crenshaw & Bloxom, H. N. Howe, Cashier." The Supreme Court held at pages 346–47 that the endorsement was not a forgery:

The New Standard Dictionary (edition of 1920) contains the following definition of the word "forgery:"

"The act of falsely making or materially altering, with intent to defraud, any writing which, if genuine, might be of legal efficacy or the foundation of a legal liability."

This definition excludes a genuine writing, that is a writing which is just exactly what it purports to be. It may be a false writing in that it either directly or by inference states a lie, but it is at least what on its face it seems. So it is with the words endorsed by Howe upon Crenshaw & Bloxom's checks, these words inferentially state an untruth, in that they imply that Howe had authority to endorse his employer's name to the checks so endorsed and receive the proceeds thereof; but, while the endorsement thus inferentially contains a false statement of fact and was made for an unlawful purpose, still the writing, while false in the sense that it spoke a lie, was not falsely made, in that it purported to be anything different from what it actually was.

The reimbursement forms Marshall submitted are genuine and were submitted over his own true signature; they were not falsely made. It is not disputed that Marshall had the authority to submit valid forms to DSHS. The evidence against him would permit a jury to find that the forms contained false and fraudulent information, *i.e.*, that a drug had been prescribed and dispensed when in fact it had not. We hold that Marshall's conduct did not constitute forgery.

■ Marshall contends the jury instruction on the use of character evidence was an incomplete statement of the law. We find no error. The jury was instructed that it should consider character evidence in determining Marshall's guilt or innocence. Under the instruction, Marshall could argue

his theory of the case; nothing more was required. *State v. Allen,* 89 Wn.2d 651, 574 P.2d 1182 (1978).

■ Marshall contends the trial judge erred by admitting into evidence certain summaries of reimbursement forms submitted by him. We do not agree. Summaries of documentary evidence are admissible into evidence if the source documents are themselves admissible and if the jury's convenience would be served. Such is the case here. *Lamphiear v. Skagit Corp.,* 6 Wn. App. 350, 493 P.2d 1018 (1972); *Keen v. O'Rourke,* 48 Wn.2d 1, 290 P.2d 976 (1955).

■ Marshall assigns error to the exclusion of evidence concerning the accuracy of records kept by physicians and pharmacists generally. The trial judge concluded such evidence was not relevant. Relevancy is a matter within his discretion. *Chase v. Beard,* 55 Wn.2d 58, 346 P.2d 315 (1959). Nothing indicates an abuse of discretion.

Marshall's last contention is that the cumulative effect of all trial errors denied him a fair trial. The contention is without merit.

Affirmed in part; reversed in part.

CALLOW, C.J., and WILLIAMS, J., concur.

Reconsideration denied February 26, 1980.

Review denied by Supreme Court January 30, 1981.