[Nos. 12292-1-III; 12303-1-III.   Division Three.   December 7, 1993.]

THE STATE OF WASHINGTON, *Appellant,* v. RAMIRO M. ESQUIVEL, *Respondent.*

THE STATE OF WASHINGTON, *Petitioner,* v. ENRIQUE LUNA, *Respondent.*

*Michael E. McNeff, Prosecuting Attorney,* and *Erin Riley, Deputy,* for the State.

*Eric M. Christianson,* for respondents.

THOMPSON, C.J. — The issue in these linked cases is whether use of a falsified government document in response to a police request for identification constitutes forgery under RCW 9A.60.020(1)(b). In both cases, defendants presented documents they admit were not authentic. However, the trial court determined that, as a matter of law, the State could not prove their intent to defraud the officers. As to Ramiro Esquivel, two counts of forgery were dismissed. As to Enrique Luna, the trial court refused to find probable cause for issuance of an arrest warrant for forgery. We vacate the orders entered in both cases.

## BACKGROUND

A. State v. Esquivel. On January 23, 1992, a Washington State Patrol trooper stopped a vehicle with a defective headlight. In response to a request for information, the driver produced an alien registration card and a Social Security card bearing the name Ramiro M. Esquivel. The trooper had reason to believe the cards were not authentic. Mr. Esquivel was charged with two counts of forgery. RCW 9A.60.020-(1)(b).

Mr. Esquivel moved to dismiss both charges, contending he had no intent to defraud the trooper. He stipulated that the cards were not authentic, but they contained his correct name and, in the case of the registration card, his correct birthdate and signature. The trial court granted his motion to dismiss and the State timely appealed.

B. State v. Luna. On December 29, 1991, an Okanogan County Sheriff's deputy was investigating a possible trespass. He asked one of the persons at the scene for identification. Mr. Luna produced a temporary resident alien card which, although not authentic, correctly identified Mr. Luna by name, date of birth, signature and photograph. Mr. Luna told the deputy he purchased the card in California for $20.

The State moved for an arrest warrant charging Mr. Luna with one count of forgery. The trial court entered an order refusing to find probable cause. We granted discretionary review.

## CONTENTIONS

The State contends it could have proved all elements of forgery in both cases: the documents were "written instruments"; they were possessed with intent to defraud; and both men knew the documents were forged. RCW 9A.60-.020(1)(b). The documents were forged because they were not genuine, *State v. Scoby*, 117 Wn.2d 55, 810 P.2d 1358, 815 P.2d 1362 (1991). Intent to defraud could be inferred from the circumstantial evidence. According to the State, although possession alone is insufficient to prove guilty knowledge, possession together with slight corroborating evidence may be. *State v. Ladely*, 82 Wn.2d 172, 175, 509 P.2d 658 (1973).

Mr. Luna and Mr. Esquivel contend they made no factual misrepresentations because the data contained in the documents was accurate. Citing *State v. Mark*, 94 Wn.2d 520, 523, 618 P.2d 73 (1980) and *State v. Lutes*, 38 Wn.2d 475, 230 P.2d 786 (1951), they argue that forgery requires both false information and a false document. In addition, they contend the State could not prove intent to injure or defraud the officers.

## FORGERY

RCW 9A.60.020(1)(b) provides, in relevant part:

A person is guilty of forgery if, with intent to injure or defraud:

. . . .

(b) He possesses, utters, offers, . . . or puts off as true a written instrument which he knows to be forged.

A "written instrument" is defined to include any paper or document containing written or printed matter. RCW 9A.60-.010(1).

█ (a) <u>False Documents</u>. Forgery does not involve the making of false entries in an otherwise genuine document.

*Mark*, at 523-24; *State v. Marshall*, 25 Wn. App. 240, 241-42, 606 P.2d 278 (1980), *review denied*, 95 Wn.2d 1005 (1981). It does involve the manufacture of a false or spurious document made to appear to be other than what it actually is. *Scoby*, at 61. As stated in W. LaFave & A. Scott, *Criminal Law* § 90, at 671 (1972):

> Though a forgery, like false pretenses, requires a lie, it must be a lie about the document itself: the lie must relate to the genuineness of the document.

Mr. Luna and Mr. Esquivel fail to distinguish between false statements in a document and a false document. Since they conceded the falsity of the documents, the fact that true statements appeared on those documents is not fatal to the State's forgery case.

▮ (b) <u>Intent To Defraud</u>. The trial court appeared to base its decisions on the State's inability to prove intent to defraud.[1] However, intent to commit a crime may be inferred from surrounding facts and circumstances if they "plainly indicate such an intent as a matter of logical probability". *State v. Woods*, 63 Wn. App. 588, 591, 821 P.2d 1235 (1991) (burglary); *see State v. Bergeron*, 105 Wn.2d 1, 19-20, 711 P.2d 1000 (1985) (burglary). As stated in 1 C. Torcia, *Wharton on Criminal Evidence* § 81, at 265-66 (14th ed. 1985):

> The unexplained possession and uttering of a forged instrument . . . raises an inference, or a rebuttable presumption, is strong evidence or is evidence, or makes out a prima facie case of guilt of forgery of the possessor.

(Footnotes omitted.)

▮ Forgery does not require that anyone be actually defrauded. W. LaFave & A. Scott, at 671.

---

[1] In the orders entered by the Superior Court in both cases, the reasoning set forth in a memorandum decision of a third superior court case was referenced. State v. Mendoza, Okanogan Cy. cause 91-1-00193-4 (Dec. 5, 1991). In Mendoza, the Superior Court determined there were no facts to show intent to injure or defraud someone, only the intent of the defendant to identify himself. That was accomplished because the identification produced by the defendant contained his right name. No authorities were cited in the decision.

Here, the false instruments contained the names of defendants. In the case of the registration cards, their photographs and signatures appeared on them. As a matter of logical probability, intent to defraud could be inferred from such facts and circumstances.[2] *See Bergeron*, at 19-20; *Woods*, at 591. Indeed, the instruments' only value would be to falsely represent the defendants' right to legally be in this country. By showing the cards to the officers, they misrepresented their legal status, even though they did not misrepresent their legal names and other details about them. Their intent to defraud the specific officers is not required. RCW 10.58.040 states:

> Whenever an intent to defraud shall be made an element of an offense, it shall be sufficient if an intent appears to defraud any person, association or body politic or corporate whatsoever.

The trial court erred when it determined, as a matter of law, that the State could not prove forgery. The order of dismissal in *State v. Esquivel*, Court of Appeals cause 12292-1-III, and the order refusing to find probable cause in *State v. Luna*, Court of Appeals cause 12303-1-III, are hereby vacated.

SWEENEY, J., and FRIEL, J. Pro Tem., concur.

---

[2]After the State appealed in *State v. Esquivel*, Court of Appeals cause 12292-1-III, an affidavit of probable cause was filed. It set forth the same facts as conceded by the defense, but added an allegation that the United States Border Patrol told the trooper Mr. Esquivel was illegally in the United States and had used his false identification to gain employment at a nursery in Ephrata. Such use, even if proved, is not determinative. Further, as Mr. Esquivel contends, the alleged new fact should not be considered for the first time on appeal.