[Nos. 32133-1-I; 39980-2-I;   Division One.   November 2, 1998.]
   42065-8-I.

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH
   WILLIAM PETERSON, *Appellant*.

*In the Matter of the Personal Restraint of* JOSEPH
   WILLIAM PETERSON, *Petitioner.*

2

*David B. Koch* and *Eric Broman* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant/petitioner.

*Norm Maleng, Prosecuting Attorney*, and *Pamela K.E. Mohr* and *Ann M. Foerschler, Deputies*, for respondent.

Cox, J. — Joseph Peterson seeks review of the judgment

and sentence on the jury verdict for his first degree felony murder conviction. He claims that the trial court erred by instructing the jury to consider the first degree felony murder charge first and to consider the alternative charge of second degree felony murder only if it could not unanimously agree on the more serious charge. Because there is no authority to support Peterson's theory and logic supports the trial court's instruction, we affirm.

Peterson and Stephanie Stelzer, an acquaintance, spent the latter part of the evening of April 29, 1992, together at a tavern drinking beer. When the tavern closed at midnight, they left. According to Peterson's later account, they began kissing and eventually had consensual sexual intercourse in a church parking lot. They then continued walking toward Stelzer's bus stop. Along the way, Peterson claims that they decided to stop and have sex again.

At that point Stelzer began "freaking out," according to Peterson. She began yelling "rape" and struggling against Peterson. Peterson claimed that he became desperate to quiet her. In the course of that effort, he strangled her to death.

Peterson called and asked his brother Bob to pick him up. When Bob arrived, Peterson took him to the location of Stelzer's body. Seeing the body, Bob immediately turned the car around and took Peterson back with him to his apartment. Once there, Peterson called 911, but then hung up the phone. When the operator immediately called back, Peterson reported that there had been an accident. He said that he had been having sex with a girl and that when she started yelling rape, he tried to quiet her. He told the operator that he did not know what happened and was not sure if Stelzer was alive.

The police arrived, and Bob took them to the body. The police arrested Peterson. He agreed to make a statement. In the course of his statement, Peterson did not deny killing Stelzer, but he did deny raping her. He claimed that both acts of intercourse had been consensual.

The State charged Peterson with one count of first degree

felony murder.[1] The underlying felony for this charge was first or second degree rape or attempted rape. Later, the State amended the information to include an alternative count of second degree felony murder.[2] The underlying felony for this count was second degree assault or attempted assault.

At trial, the jury found Peterson guilty of first degree felony murder. His two appeals and his personal restraint petition are now before us.

## Jury Instructions

Peterson characterizes two of the court's instructions to the jury as instructions to consider second degree felony murder a lesser included offense of first degree felony murder. Based on that characterization, Peterson contends that he was prejudiced by being unable to argue his theory of the case—i.e., that he was, if anything, guilty only of second degree felony murder. We hold that the jury instructions were proper and did not prejudice Peterson's ability to argue his theory of the case.

■■ We review de novo a challenged jury instruction's statement of the law, considering it in the context of the instructions as a whole.[3]

■ Jury instructions are sufficient if they correctly state the law, are not misleading, and allow the defendant to

---

[1]RCW 9A.32.030 states, in relevant part:

"(1) A person is guilty of murder in the first degree when:

". . .

"(c) He or she commits or attempts to commit the crime of . . . (2) rape in the first or second degree . . . and in the course of or in furtherance of such crime or in immediate flight therefrom, he or she . . . causes the death of a person."

[2]RCW 9A.32.050 states, in relevant part:

"(1) A person is guilty of murder in the second degree when:

". . .

"(b) He commits or attempts to commit any felony other than those enumerated in RCW 9A.32.030(1)(c), and, in the course of and in furtherance of such crime or in immediate flight therefore, he . . . causes the death of a person."

[3]*State v. Pirtle*, 127 Wn.2d 628, 656, 904 P.2d 245 (1995), *cert. denied*, 518 U.S. 1026 (1996).

argue his theory of the case.[4] Each side is entitled to have the court instruct the jury on its theory of the case if there is evidence in the record to support the theory.[5]

Here, the State charged Peterson with one count of first degree felony murder. It also charged him with an alternative count of second degree felony murder. Over Peterson's objection, the court gave the following instructions:

Instruction 14:

If you are not satisfied beyond a reasonable doubt that the defendant is guilty of the crime of Murder in the First Degree as charged in count I, the defendant may be found guilty of the alternate crime of Murder in the Second Degree, if the evidence is sufficient to establish the defendant's guilt of such alternate crime beyond a reasonable doubt.

When a crime has been proven against a person and there exists a reasonable doubt as to which of two or more crimes that person is guilty, he shall be convicted only of the lowest degree crime.

Instruction 23 (in part):

When completing the verdict forms, you will first consider the crime of Murder in the First Degree as charged in count 1. If you unanimously agree on a verdict, you must fill in the blank provided in verdict form A the words "not guilty" or the word "guilty," according to the decision you reach.

If you find the defendant guilty on verdict form A, do not use verdict form B. If you find the defendant not guilty of the crime of Murder in the First Degree, or if after full and careful consideration of the evidence you cannot agree on that crime, you will consider *the alternate crime* of Murder in the Second Degree. If you unanimously agree on a verdict, you must fill in the blank provided in verdict form B the words "not guilty" or the word "guilty," according to the decision you reach.

Peterson argues that these instructions suggest that the second count was a lesser included offense of the first, not an alternative count. For several reasons, we disagree.

---

[4]*State v. Mark*, 94 Wn.2d 520, 526, 618 P.2d 73 (1980).

[5]*State v. Hughes*, 106 Wn.2d 176, 191, 721 P.2d 902 (1986).

■ First, Peterson mischaracterizes the nature of the challenged instructions. As the State correctly points out, the instructions clearly identify the second degree murder charge as an *alternative charge,* not a lesser included offense. Second, the trial court properly advised the jury of the procedure for considering alternative charges by instructing it to consider the more serious charge first. This approach properly places the burden on the State to prove beyond a reasonable doubt all elements of the more serious crime. The safeguard to the accused is afforded by putting the State to the test of meeting its heavy burden, not from instructing the jury to first consider the less serious alternative charge. The mere fact that the accused may be guilty of a less serious alternative charge does not exclude the possibility that the accused may also be guilty of the more serious main charge. Finally, the instructions' directive to consider the more serious charge first did not prevent Peterson from arguing that he was guilty only of the less serious offense. We note that counsel for Peterson argued at trial that only the less serious charge was appropriate here.

The trial court did not err in giving these two instructions.

We affirm the trial court in all respects and dismiss the personal restraint petition.

The remainder of this opinion has no precedential value and will not be published.[6]

WEBSTER and BAKER, JJ., concur.

After modification, further reconsideration denied February 18, 1999.

Review denied at 138 Wn.2d 1013 (1999).

---

[6]RCW 2.06.040.