[No. 29540-1-III.   Division Three.   January 24, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. VIANNEY VASQUEZ, *Appellant*.

*Kenneth H. Kato*, for appellant.

*James P. Hagarty, Prosecuting Attorney*, and *David B. Trefry*, for respondent.

¶1 SWEENEY, J. — Possession of a forged instrument is illegal if the possessor·intended to defraud. Here, a forged Social Security card and a forged permanent resident card were seized from the defendant after he shoplifted goods from a grocery store. The question is whether this is sufficient to show intent to defraud. We conclude that the evidence is sufficient· when the facts and reasonable inferences are viewed in a light most favorable to the State. We therefore affirm the convictions for two counts of forgery.

## FACTS

¶2 Vianney Vasquez picked up and used a considerable amount of hand lotion at a Safeway store in Yakima without paying for it. He then went to the front of the store and looked at the movie display for a long time. Timothy Englund was the Safeway store security guard. He approached Mr. Vasquez and identified himself as such.

¶3 Mr. Englund ushered Mr. Vasquez into the store's management office to fill out paperwork for shoplifting. He asked Mr. Vasquez for his name, address, telephone number, height, weight, age, hair color, and eye color. Mr. Englund then patted down Mr. Vasquez for weapons and to locate identification. He found Mr. Vasquez's wallet, and it contained a Social Security card and a permanent resident card.

¶4 Mr. Vasquez said he got the Social Security card and permanent resident card from a friend in California for $50

each. He admitted that the cards belonged to him and were fakes. The cards listed his real name, Vianney Vasquez. Mr. Vasquez said he had previously worked in the area. Mr. Englund called the police because he could not verify Mr. Vasquez's identity.

¶5 The State charged Mr. Vasquez with two counts of forgery for the fake Social Security card and permanent resident card. Mr. Vasquez moved to dismiss the charges and argued that he had not offered the cards, they were taken from him, and therefore the State had not shown the intent to defraud. The court denied the motion and the matter proceeded to trial. A jury found Mr. Vasquez guilty on both counts.

## DISCUSSION

¶6 Mr. Vasquez contends here, as he did in the trial court, that the State has failed to show that he intended to injure or defraud by his possession of these forged documents.

¶7 So the question then becomes whether, as a matter of logical probability, the jury could infer intent to defraud from Mr. Vasquez's possession of these cards, his conduct, and his exchanges with the security officer. Said another way, is the evidence of intent to defraud substantial when we consider the reasonable inferences available to the jury? *State v. Sweany*, 162 Wn. App. 223, 233, 256 P.3d 1230, *review granted*, 172 Wn.2d 1020, 268 P.3d 224 (2011).

¶8 The State had to show intent to injure or defraud by Mr. Vasquez's possession of these forged cards. Under the statute, "[a] person is guilty of forgery if, with intent to injure or defraud [he] *possesses* . . . a written instrument which he knows to be forged." Former RCW 9A.60.020(1)(b) (2003) (emphasis added). A "forged instrument" is "a written instrument which has been falsely made, completed, or altered." Former RCW 9A.60.010(7) (1999). The intent to commit the crime of forgery may be inferred from surround-

ing facts and circumstances if such intent is " 'a matter of logical probability.' " *State v. Esquivel*, 71 Wn. App. 868, 871, 863 P.2d 113 (1993) (quoting *State v. Woods*, 63 Wn. App. 588, 591, 821 P.2d 1235 (1991)). Indeed, *Esquivel* suggests that the unexplained possession of a forged instrument makes out a prima facie case of guilt against the possessor because forgery does not require that anyone actually be defrauded. *Id.* And here, why else would Mr. Vasquez have them?

¶9 Mr. Vasquez, nonetheless, asserts that since he never presented his identification cards to Mr. Englund, there is no evidence that he possessed the cards with intent to defraud. He distinguishes *Esquivel* by pointing out that there the defendant actually presented the forged documents. *Id.* at 869.

¶10 In *Esquivel*, two separate defendants in the consolidated case showed police fake immigration cards. *Id.* They admitted that the documents were forged but maintained that they did not intend to defraud since all of the information listed on the cards was truthful. *Id.* at 870. We rejected the argument, concluded that there was no other reason to have the cards, and upheld the forgery convictions: "Indeed, the instruments' only value would be to falsely represent the defendants' right to legally be in this country." *Id.* at 872.

¶11 Here, the cards belonged to Mr. Vasquez and were fakes. The cards had his real name on them but someone else's Social Security number. Mr. Vasquez reported that he had previously worked in the area. Like the immigration cards in *Esquivel*, the only value of the cards would be to falsely represent Mr. Vasquez's right to legally be in the country. The jury here could reasonably infer intent to defraud from his possession of the fake cards and his admission that he had previously worked in the area.

¶12 We conclude there is sufficient evidence to support the convictions for forgery when the evidence is viewed in the light most favorable to the State.

¶13 We affirm the convictions.

KULIK, C.J., and BROWN, J., concur.

Reconsideration denied March 7, 2012.

Review granted at 174 Wn.2d 1017 (2012).