## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48840-0-II |
| Respondent, | |
| v. | |
| JEAN MARIE MANUSSIER, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Jean Marie Manussier appeals her convictions for first and second degree identity theft. Manussier argues that there is insufficient evidence to establish the element of intent necessary to sustain a conviction for identity theft. Manussier also requests that we deny appellate costs to the State if her appeal is not successful.

We hold that Manussier's sufficiency challenge to her identity theft convictions fails, and we defer to a commissioner of this court the determination of appellate costs under RAP 14.2. Therefore, we affirm.

## FACTS

Pierce County Sheriff's deputies stopped Manussier for driving with expired tabs in the early morning hours of December 30, 2014. Through the windows, the deputies could see "a lot of unopened mail, a large amount," that looked like "financial mail," consisting of "[c]redit card applications, bills for credit cards," and "a few utility bills." 2 Verbatim Report of Proceedings

(VRP) at 42. The deputies did not see any mail addressed to Manussier or her passenger, but saw some mail addressed to "Tara Stover" and "Raymond D. Eaton." 2 VRP at 43-44; 3 VRP at 28, 29.

Initially, Manussier told the deputies that the mail was hers and that she put it in the car. But when asked why she had mail that did not belong to her, Manussier told the deputies that the mail was not hers and that she did not know how it got in her car.

Manussier gave the deputies permission to search the car. Manussier began to cry and stated she did not do anything wrong. She asked if she could "put the mail back in a mailbox and let it get sent back to the—sent back to the rightful owner." 3 VRP at 38. The deputies told Manussier that putting the mail back was not an option and impounded the car, but they allowed Manussier and her passenger to leave because no potential victims could be reached at the time.

The deputies later secured and executed a search warrant for the car. In the car, they found mail addressed to 25 people other than Manussier and her passenger. The mail in the car consisted of credit card bills and offers, utility bills, bank statements, IRS payments, and a check for $23,500.

Manussier was arrested and charged with one count of first degree identity theft,[1] ten counts of second degree identity theft,[2] one count of possession of stolen mail,[3] and one count of bail

---

[1] RCW 9.35.020(2).

[2] RCW 9.35.020(3).

[3] RCW 9A.56.380.

No. 48840-0-II

jumping.[4]  After a jury trial, Manussier was convicted as charged.  Manussier appeals her identity theft convictions.[5]

## ANALYSIS

A.    Sufficiency of the Evidence

Manussier argues that the State failed to prove that she had the intent to commit a crime— an essential element of identity theft—when she possessed others' identification and financial information.[6]  We hold that the evidence presented against Manussier was sufficient to permit any rational trier of fact to find the element of intent beyond a reasonable doubt.

Evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the State, any rational trier of fact can find the essential elements of the crime beyond a reasonable doubt.  *State v. Houston-Sconiers*, 188 Wn.2d. 1, 15, 391 P.3d 409 (2017).  All reasonable inferences from the evidence are drawn in favor of the State and interpreted against the defendant.  *Id*.  A claim of insufficiency "'admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom.'"  *Id.* (quoting *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992)).  Circumstantial and direct evidence are equally reliable.  *State v. Moles*, 130 Wn. App. 461, 465, 123 P.3d 132 (2005), *review denied*, 157 Wn.2d 1019 (2006).  We defer to the trier of fact on issues of conflicting testimony, witness credibility, and persuasiveness of the

---

[4] RCW 9A.76.170.

[5] Manussier does not challenge her convictions for one count of possession of stolen mail and one count of bail jumping.

[6] Manussier does not distinguish between the intent elements for the first degree identity theft charge and the second degree identity theft charges.

3

evidence. *State v. Fiser*, 99 Wn. App. 714, 719, 995 P.2d 107, *review denied*, 141 Wn.2d 1023 (2000). If there is not sufficient evidence to support a defendant's convictions, we must reverse and dismiss those convictions. *State v. Smith*, 155 Wn.2d 496, 505, 120 P.3d 559 (2005).

Washington's identity theft statute prohibits a person from knowingly obtaining, possessing, or using a means of identification or financial information of another person with the intent to commit "any crime." RCW 9.35.020(1); *State v. Sells*, 166 Wn. App. 918, 923, 271 P.3d 952 (2012), *review denied*, 176 Wn.2d 1001 (2013). The State does not need to prove actual use of the means of identification or financial information to convict. *Id.* at 924. Nor does the State need to prove the specific crime that the defendant intended to commit. *State v. Fedorov*, 181 Wn. App. 187, 197–98, 324 P.3d 784, *review denied*, 181 Wn.2d 1009 (2014).

For crimes requiring proof of possession and intent, mere possession does not permit an inference of intent. *State v. Vasquez*, 178 Wn.2d 1, 8, 12, 309 P.3d 318 (2013). However, possession together with "'slight corroborating evidence'" may be sufficient, and such corroboration may consist of the giving of a false explanation or one that is improbable or difficult to verify. *Id.* (quoting *State v. Esquivel*, 71 Wn. App. 868, 870, 863 P.2d 113 (1993)). Intent is typically proven from circumstantial evidence, and intent to commit a crime may be inferred "'if the defendant's conduct and surrounding facts and circumstances plainly indicate such an intent as a matter of logical probability.'" *Id.* (quoting *State v. Woods*, 63 Wn. App. 588, 591, 821 P.2d 1235 (1991)).

In *Vasquez*, the court considered whether the evidence presented was sufficient to prove the intent to injure or defraud necessary to convict for forgery. *Id.* at 13. There, Vasquez was stopped for shoplifting with a fake social security and permanent resident cards bearing his name.

*Id.* at 4. Vasquez told the security guard that he had purchased the forged cards from a friend and might have told the security guard that he worked locally. *Id.* at 5.

The court held that Vasquez's possession of forged identification cards alone was not sufficient to prove the necessary intent and noted that Vasquez's admission that the cards were forged belied any intent that he intended to defraud. *Id.* at 14-16. The court reasoned that, "[i]n Washington, where an intent to injure or defraud has been proved, the defendants actually demonstrated intent to pass off their forged documents as authentic," but in Vasquez's case, there was no evidence that Vasquez had attempted to pass off the forged identification cards as authentic, aside from the uncertain testimony that he may have said he had a job in the area. *Id.* at 12, 13.

Here, Manussier possessed articles of mail belonging to 25 different individuals and consisting of only financial documents. This evidence shows that the mail had been sorted to retain only financial documents, which "as a matter of logical probability," suggests intent to commit a crime. *Id.* at 8 (quoting *Woods*, 63 Wn. App. at 591). Also, here, unlike in *Vasquez* where there defendant did not attempt to mislead the security guard, Manussier claimed the mail was hers and that she put it in the backseat, before later claiming the mail was not hers and that she did not know how the mail got in her car. This evidence shows Manussier gave a false explanation, which *Vasquez* noted amounts to "'slight corroborating evidence'" sufficient to infer intent. *Id.* (quoting *Esquivel*, 71 Wn. App. at 870). Therefore, we hold that, unlike in *Vasquez*, the evidence presented against Manussier was sufficient to permit any rational trier of fact to find the element of intent beyond a reasonable doubt.

No. 48840-0-II

B.    APPELLATE COSTS

Manussier requests that we decline to impose appellate costs against him if the State prevails on this appeal and makes a proper request. We defer this matter to a commissioner of this court for determination under RAP 14.2, if the State decides to file a cost bill and Manussier objects.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Johanson, J.

_____
Maxa, A.C.J.

6